# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHELENE I. BRIGGS, | Case No.: 2:19-cv-01094-APG-NJK |
| Plaintiff(s), | **ORDER** |
| v. | (Docket No. 1) |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant(s). | |

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, Docket No.1, and has submitted a Complaint, Docket No. 1-1.

**I.  Application to Proceed *In Forma Pauperis***

Plaintiff filed an application to proceed *in forma pauperis*. Docket No. 1. The application has sufficiently shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to § 1915(a). The Court will now review Plaintiff's complaint.

**II.  Screening the Complaint**

When a party seeks permission to pursue a civil case *in forma papueris*, courts will screen the complaint pursuant to federal statute. *See* 28 U.S.C. § 1915(e). With respect to social security appeals specifically, judges in this District have outlined some of the basic requirements for complaints to satisfy the Court's screening. First, the plaintiff must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced

1

within sixty days after notice of a final decision.  Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled.  Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.  *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).

       The Court finds these elements have not been pled.  Plaintiff submits that she requested review of the administrative decision denying her clam on August 28, 2018; however, Plaintiff fails to establish that she exhausted her administrative remedies or that she filed her complaint within sixty days of notice of a final decision. Docket No. 1-1 at 2.  Without this information, the Court cannot determine whether it has jurisdiction over her case.  Further, Plaintiff fails to state the nature of her disability, when she claims to have become disabled, the nature of her disagreement with the Social Security Administration's determination, and why she believes she is entitled to relief.  *Id*.

### III. Conclusion

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees shall be paid if recovery is made.  At this time, Plaintiff shall not be required to pre-pay the filing fee.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

. . .

. . .

. . .

. . .

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **August 22, 2019**, to file an Amended Complaint, if she believes the noted deficiencies can be corrected.

IT IS SO ORDERED.

Dated: August 8, 2019

_____
NANCY J. KOPPE
United States Magistrate Judge