# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHELENE IRENE BRIGGS,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>    Defendant. | Case No.: 2:19-cv-01094-APG-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket Nos. 42, 43] |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for disability insurance benefits and supplemental security income disability benefits under Titles II and XVI of the Social Security Act. Pending before the Court are Plaintiff's motion for reversal and/or remand and the Commissioner's countermotion to affirm. Docket Nos. 42, 43. The Court has considered Plaintiff's motion, the Commissioner's response in opposition and countermotion to affirm, Plaintiff's reply, and the administrative record filed by the Commissioner. Docket Nos. 42, 44, 43, 39. For the reasons discussed more fully below, the Court **RECOMMENDS** that Plaintiff's motion for reversal and/or remand be **GRANTED**.

**I.    LEGAL STANDARD**

   **A. Standard of Review**

The Court's review of administrative decisions in social security disability insurance benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g). The Court may enter, "upon the pleadings and transcript of the record, a judgment

1

affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

In reviewing the Commissioner's decision, the Court "must consider the [administrative] record as a whole, 'weighing both evidence that supports and evidence that detracts' from the Commissioner's conclusion." *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). The Court "may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997). "Substantial evidence means more than a scintilla but less than a preponderance." *Id.* Put differently, "[s]ubstantial evidence is relevant evidence which, considering the [administrative] record as a whole, a reasonable person might accept as adequate to support a conclusion." *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

The Court's review of an administrative law judge's ("ALJ") "fact-finding for substantial evidence is deferential, and '[t]he threshold for such evidentiary sufficiency is not high.'" *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). To ensure that the Court does not speculate as to the basis of factual findings when determining whether substantial evidence supports the Commissioner's decision, the ALJ must make specific factual findings. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) ("The failure of ALJs to make specific findings in disability cases is among the principle causes of delay and uncertainty in this area of the law"). Therefore, the ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

**B. Disability Evaluation Process**

A social security disability claimant bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the claimant must demonstrate

the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Once the claimant establishes an inability to perform her prior work, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The ALJ follows a five-step sequential evaluation process in determining whether the claimant is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ makes a finding of disability or non-disability, a determination will be made, and no further evaluation is required. 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the claimant is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(a)(4)(i). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the claimant is currently engaging in SGA, then a finding of not disabled is made. 20 C.F.R. § 416.920(b). If the claimant is not engaging in SGA, then the analysis proceeds to the second step. 20 C.F.R. § 416.920(a)(4).

The second step addresses whether the claimant has a severe medically determinable impairment or combination of impairments that significantly limit her from performing basic work activities. 20 C.F.R. § 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the claimant's ability to work. Social Security Rulings ("SSRs") 85-28 and 16-3p.[1] If the claimant does not have a severe medically determinable impairment or combination of impairments that significantly limit her from performing basic work activities, then a finding of not disabled is made. 20 C.F.R. § 416.920(c). If the claimant has a severe medically determinable impairment or combination of

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference if they are consistent with the Social Security Act and regulations. *Id.*

impairments that significantly limit her from performing basic work activities, then the analysis proceeds to the third step. 20 C.F.R. § 416.920(a)(4).

The third step requires the ALJ to determine whether the claimant's impairment or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement in 20 C.F.R. § 416.909, then a finding of disabled is made. 20 C.F.R. § 416.920(d). If the claimant's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement in 20 C.F.R. § 416.909, then the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four of the sequential evaluation process. 20 C.F.R. § 416.920(e).

The RFC is a function-by-function assessment of the claimant's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all severe and non-severe impairments, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the evidence in the record. 20 C.F.R. §§ 416.920(e), 416.945; *see also* SSR 16-3p. To the extent the claimant's statements about the intensity, persistence, or limiting effects of her pain or other impairments are not substantiated by objective medical evidence, the ALJ must determine the credibility of the claimant's statements based on a consideration of the entire case record. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

After assessing the claimant's RFC, the fourth step requires the ALJ to determine whether the claimant has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 416.920(a)(iv). PRW means work performed either as the claimant previously performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years prior to the date that disability must be established. 20 C.F.R. § 416.960(b). In addition, the work must have lasted long enough for the claimant to learn the job and perform at SGA. 20 C.F.R. §§ 416.960(b), 416.965. If the claimant has the RFC to perform her PRW, then a finding of not disabled is made.

4

20 C.F.R. § 416.920(f). If the claimant is unable to perform her PRW or does not have any PRW, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(a)(4).

The fifth step requires the ALJ to determine whether the claimant can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant can do other work, then a finding of not disabled is made. 20 C.F.R. § 416.920(g). If the claimant cannot do other work, then a finding of disabled is made. *Id.* At this step, the burden shifts to the Commissioner, who must provide evidence demonstrating that other work the claimant can perform exists in significant numbers in the national economy. *Tackett*, 180 F.3d at 1099.

## II. BACKGROUND

### A. Plaintiff's Applications

On June 1, 2012, Plaintiff filed an application for social security disability insurance benefits, alleging that she became disabled on October 10, 2009. AR 10, 159–165. Specifically, Plaintiff alleged that she suffered from sciatic nerve pain in her back and left leg due to an injury she sustained at work. AR 27, 195. The Commissioner denied Plaintiff's application on September 20, 2012, and again upon reconsideration on July 15, 2013. AR 10, 50–57, 59–72. On August 8, 2013, Plaintiff filed a request for a hearing before an ALJ. AR 88–89.

On May 21, 2014, ALJ Mark Ramsey presided over Plaintiff's first hearing and heard testimony from Plaintiff. AR 23–49. On February 2, 2015, ALJ Ramsey issued an unfavorable decision, finding that Plaintiff had not been under a disability through the date of the decision. AR 7–17. ALJ Ramsey's decision became the final decision of the Commissioner on June 2, 2016, when the Appeals Council denied Plaintiff's request for review. AR 1–3.

In July 2016, Plaintiff filed additional applications for social security disability insurance benefits and supplemental security income disability benefits. AR 893–900. On August 3, 2016, Plaintiff filed a complaint in the United States District Court for the Eastern District of California, seeking judicial review of the Commissioner's denial of her first application for disability insurance benefits. AR 634–635. Thereafter, on March 20, 2018, United States Magistrate Judge Craig M. Kellison issued an order granting the parties' stipulation to remand the case to the Commissioner for a new decision. AR 719–720.

Upon remand, the Appeals Council vacated the Commissioner's decision and remanded the case to ALJ Christopher Knowdell. AR 565, 723–725. The Appeals Council instructed ALJ Knowdell to consolidate Plaintiff's additional applications for disability benefits and issue a new decision on the consolidated claims. AR 724. On June 21, 2018, ALJ Knowdell presided over Plaintiff's second hearing and heard testimony from Plaintiff and a vocational expert ("VE").[2] AR 562–612. Plaintiff was represented by counsel. AR 540, 562.

On August 28, 2018, ALJ Knowdell issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. AR 540–552. Plaintiff then filed exceptions with the Appeals Council. AR 530. On April 22, 2019, the Appeals Council declined to assume jurisdiction, rendering ALJ Knowdell's decision the final decision of the Commissioner. AR 530. On June 24, 2019, Plaintiff commenced this action for judicial review. Docket No. 1.

### B. The Decision Below

The ALJ's decision followed the five-step sequential disability evaluation process set forth in 20 C.F.R. § 416.920. AR 542–551. At step one, the ALJ found that Plaintiff had not engaged in SGA since October 10, 2009. AR 542. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: degenerative disc disease of the lumbar spine, internal left knee derangement, status post left foot ganglion cyst removal, obesity, and plantar fasciitis. *Id.* The ALJ further found that Plaintiff's psychiatric impairments did not satisfy the *de minimis* severity standards under 20 C.F.R. §§ 404.1520(c) and 416.920(c). AR 545.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ found that Plaintiff has the RFC to perform sedentary work as defined in 20 §§ C.F.R. 404.1567(a) and 416.967(a) except that she requires a cane for ambulation and is unable to climb, stoop, crouch, crawl, kneel or balance. AR 546. At step four, the ALJ found that Plaintiff can perform her PRW as a customer complaint clerk. AR

---

[2] Vocational experts "are professionals under contract with [the Social Security Administration] to provide impartial testimony in agency proceedings." *Biestek*, 139 S. Ct. at 1152.

551. The ALJ's conclusion at step four relied on a VE who testified that, given Plaintiff's RFC, Plaintiff can perform her PRW as it is generally performed. *Id.* Thus, the ALJ determined that Plaintiff was not disabled from October 10, 2009, through the date of his decision. *Id.*

**III.   ANALYSIS**

Plaintiff submits that the ALJ legally erred by failing to articulate clear and convincing reasons for discounting Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms. Docket No. 42 at 16. Specifically, Plaintiff submits that the ALJ improperly discounted her subjective testimony regarding her pain without treatment. *Id.* The Commissioner submits that the ALJ properly rejected Plaintiff's testimony concerning her symptoms. Docket No. 43 at 14.

It is the ALJ's prerogative to "determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Where the evidence draws into question the claimant's subjective testimony about her pain and symptoms, the ALJ must determine whether the claimant is credible. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). To evaluate the claimant's credibility, the ALJ must first determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged. SSR 16-3p. If the claimant has presented objective medical evidence of an impairment, the ALJ must then determine whether the intensity and persistence of those symptoms limit a claimant's ability to perform work-related activities. *Id.* At step two, the ALJ must consider the entire case record, including the claimant's subjective testimony. *Id.*

In the absence of evidence of malingering, the ALJ may reject the claimant's subjective testimony only by giving "specific, clear, and convincing reasons." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*

7

*v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  Factors in the record the ALJ may consider in evaluating the claimant's credibility include objective medical evidence, the claimant's daily activities and treatment history, inconsistencies in the claimant's testimony, the claimant's work record, and other factors concerning the claimant's functional limitations.  *Thomas*, 278 F.3d at 958–959; *Fair*, 885 F.2d at 603; *see also* SSR 16-3p.  If the ALJ finds that the claimant's statements about the intensity, persistence, or limiting effects of her pain or other impairments are not substantiated by objective medical evidence, the ALJ must determine the credibility of the claimant's statements based on a consideration of the entire case record.  *Light*, 119 F.3d at 792.

Here, the ALJ determined that Plaintiff presented objective medical evidence of degenerative disc disease of the lumbar spine, internal left knee derangement, status post left foot ganglion cyst removal, obesity, and plantar fasciitis—medical impairments that could reasonably be expected to produce the symptoms she alleged.  AR 542.  Although the ALJ found that Plaintiff's allegations of pain were supported by some evidence in the record, the ALJ concluded that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms was not entirely consistent with the evidence.  AR 546, 547.  In other words, the ALJ discounted the credibility of Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms.  As no evidence of malingering exists in the record, the ALJ was required to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony based on a consideration of the entire case record, including Plaintiff's testimony at the hearing.

At the hearing, Plaintiff testified that she suffers from intense back pain and continuous swelling of her left knee.  AR 571.  She testified that the pain and swelling requires her to sit and rest often and to use a cane when walking.  AR 571, 580.  Plaintiff further testified that she and her children moved to Las Vegas in December 2017, so she could be closer to her family and avail herself of their help when she feels unwell.  AR 569, 571.  She testified that her family assists her by driving her children to school and cooking meals, approximately four times a week.  AR 571.

Plaintiff testified that she previously worked at Verizon as a customer service representative.  AR 572.  She testified that, while employed by Verizon in 2010, she sustained injuries at work, which resulted in a worker's compensation claim.  AR 573; *see also* AR 27.

1  According to Plaintiff, her job required her to sit all day and to take breaks only when authorized.
2  AR 574. She testified that Verizon would not accommodate additional breaks recommended by
3  her doctor and, therefore, Verizon discharged her. AR 574–575. Plaintiff further testified that she
4  settled her worker's compensation claim, but that Verizon did not agree to continue paying for
5  medical treatment as part of the settlement. AR 575–576; *see also* AR 925. When asked where
6  she has received treatment since settling her worker's compensation claim, Plaintiff testified that
7  she has been unable to secure medical treatment for her injuries and pain. AR 576–577.

8  Additionally, Plaintiff testified that her knee condition has worsened over time because she
9  has been unable to receive treatment and surgery for her knee. AR 582. She testified that her knee
10 swells every day and that she takes over-the-counter medication and rests her leg as often as she
11 can to reduce the swelling, but that the swelling is unpreventable at times. AR 584, 586. Plaintiff
12 further testified that she last consulted a doctor for treatment when her worker's compensation
13 claim was active. AR 582. She testified that, since settling her worker's compensation claim, she
14 has visited the emergency room on at least one occasion to alleviate her pain. AR 592–593.
15 Plaintiff further testified that, since settling her worker's compensation claim, she no longer
16 receives treatment and is unable to receive surgery for her knee because she does not have health
17 insurance. AR 585, 591, 593–594. Plaintiff testified that she has attempted to secure health
18 insurance and find a doctor to treat her pain, but has been told to wait until her social security
19 disability insurance benefits applications are resolved. AR 591, 593. In sum, Plaintiff's testimony
20 establishes that her knee condition has worsened because she has not received treatment for her
21 knee and pain since she settled her worker's compensation claim.

22 In finding Plaintiff not disabled, the ALJ cited multiple treatment records documenting
23 Plaintiff's improvement with treatment to discount Plaintiff's testimony regarding the intensity,
24 persistence, and limiting effects of her symptoms. AR 547. The ALJ also assigned weight to the
25 medical opinions of treating and non-treating physicians based, in part, on each opinion's
26 consistency with the treatment records that documented Plaintiff's improvement with treatment.
27 For instance, the ALJ assigned some weight to medical opinions by Drs. Van Kirk, Sheehy,
28 Blando, McElroy, Hanna, and Pong, finding that these opinions were consistent with Plaintiff's

9

"treatment records that show that she has had some response to medication and acupuncture." AR 548. Further, the ALJ assigned little weight to the opinions of Drs. Wang, Levin, and Lin and Ms. Antelman-Aldrich, because Plaintiff reported improved symptoms with medication. AR 549. Similarly, the ALJ assigned some weight to Dr. Bray's opinion because his opinion was consistent with the "treatment evidence that shows that the claimant has had a response to treatment including medication and acupuncture." AR 550. Based on this assessment, the ALJ found that Plaintiff has the RFC to perform sedentary work except that she requires a cane for ambulation and is unable to climb, stoop, crouch, crawl, kneel, or balance. AR 546. The ALJ subsequently accepted the VE's testimony that Plaintiff could perform her PRW given the indicated RFC, and therefore, found her not disabled. AR 551. The ALJ did not address Plaintiff's subjective testimony concerning the intensity, persistence, and limiting effects of her symptoms without treatment.[3]

      The ALJ's failure to consider Plaintiff's lack of ongoing treatment in finding her not disabled was legal error. "Disability benefits may not be denied because of the claimant's failure to obtain treatment [s]he cannot obtain for lack of funds." *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995); *see also* SSR 96-7p. Moreover, in *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015), the Ninth Circuit held "that an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her [RFC] determination." To ensure meaningful review, an ALJ must "specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination." *Id.*; *see also Holohan*, 246 F.3d at 1208 ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony"). As there was no evidence of

---

[3] The ALJ's decision relied on medical opinions based on examinations that may have occurred when Plaintiff was not receiving treatment. *See* AR 548. Arguably, these opinions are entitled to greater weight given that they may be based on Plaintiff's condition without treatment. Nonetheless, the ALJ failed to address Plaintiff's testimony regarding her pain without treatment, let alone suggest that some medical opinions are entitled to greater weight because they are based on Plaintiff's condition without treatment. As a result, the Court does not consider the legal proprietary of the ALJ's reliance on certain medical opinions. In its reviewing capacity, the Court is indeed "constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

10

malingering, it was imperative for the ALJ in this case to cite specific evidence in the record that undermines Plaintiff's testimony clearly and convincingly, including her specific subjective contentions about her knee injury and pain without treatment. The ALJ did not do so and, therefore, committed legal error that "precludes [the Court] from conducting a meaningful review of the ALJ's reasoning." *Brown-Hunter*, 806 F.3d at 489. Thus, the Court finds that the ALJ's legal error was not harmless.[4] *Id.*

### IV. APPROPRIATE RELIEF

The Court turns to the appropriate relief in this case. Upon finding that an ALJ committed harmful error, the Ninth Circuit has made clear that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation." *Treichler*, 775 F.3d at 1099. A court may instead remand for an award of benefits when several conditions are met, including that the record has been fully developed and further administrative proceedings would serve no useful purpose. *See id.* at 1101.

Here, Plaintiff asks for an award of benefits and submits that the record is fully developed and that there can be no serious doubt that Plaintiff is disabled. Docket No. 42 at 19. The Court finds, however, that further administrative proceedings are necessary given the need for consideration of the evidence in light of Plaintiff's lack of ongoing treatment for financial reasons. The Court is not persuaded that the record is fully developed or that further proceedings would serve no useful purpose. Therefore, the Court finds that the appropriate relief is to remand this case to the ALJ for further proceedings.

### V. CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Plaintiff's motion for reversal and/or remand, Docket No. 42, be **GRANTED**, and that the Commissioner's countermotion to affirm, Docket No.

---

[4] Plaintiff also submits that the ALJ legally erred by failing to articulate clear and convincing reasons for rejecting the opinions of Plaintiff's treating doctors and by rejecting the testimony of Plaintiff's cousin. Docket No. 42 at 15–18. Plaintiff further submits that the ALJ's legal errors resulted in an improper RFC computation and, therefore, the ALJ's finding that Plaintiff can perform her PRW is not supported by substantial evidence. *Id.* at 18. The Court need not address these arguments given the finding above.

43, be **DENIED**.  **IT IS FURTHER RECOMMENDED** that this case be remanded for further proceedings.

Dated: December 18, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).