# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHELENE IRENE BRIGGS, | Case No.: 2:19-cv-01094-APG-NJK |
| Plaintiff | **Order Granting Plaintiff's Motion for Attorney's Fees** |
| v. | [ECF No. 53] |
| ANDREW M. SAUL,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Shelene Briggs brought this action after the Social Security Administration denied her claim for benefits. *See* ECF No. 48 at 1.  Briggs then moved to remand her case, which I granted, and on remand the Commissioner awarded Briggs past-due benefits. ECF Nos. 42; 49 at 1; 53-3 at 3; 53-4 at 6; 53-5 at 6; 53-6 at 6.  I subsequently approved the parties' stipulation to award Briggs $5,066.65 in attorney's fees under the Equal Access to Justice Act (EAJA). ECF No. 52.  Briggs' attorney, Harvey Sackett, now moves unopposed for $25,066.65 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 53-1 at 2–11.  Sackett states that he will reimburse $5,066.65 of his requested fee to Briggs in accordance with the parties' stipulation. Because his requested fee is not more than 25% of Briggs' past-due benefits and is reasonable, I grant Sackett's motion for attorney's fees.

## Discussion

Under 42 U.S.C. § 406(b), a court may award reasonable fees to a qualified attorney who obtains a favorable judgment for the plaintiff before the Commissioner of Social Security.  The attorney seeking the fee award bears the burden of establishing that the fee sought is reasonable.

---

[1] The current commissioner of social security is Kilolo Kijakazi.

*Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc).  Courts start their analysis

with the parties' contingency-fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).

If the agreement is for a fee that is 25% or less of the plaintiff's past-due benefits, then a court

tests the fee for reasonableness by considering whether the attorney caused delay that "resulted

in an undue accumulation of past-due benefits," whether the attorney's performance in the case

was substandard, and whether the requested fee is disproportionate to the benefits achieved.

*Crawford*, 586 F.3d at 1151.  When examining the fee's proportionality, courts in the Ninth

Circuit consider the inherent risk that an attorney bears when agreeing to a contingency-based

representation. *E.g.*, *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

Sackett's agreement with Briggs is for a 25% fee..  As to whether the requested fee is

reasonable, Sackett caused some delay in this proceeding, but the delay was minimal and he

voluntarily reduced his fee as a result.  Sackett incorrectly filed documents on two occasions, but

each error resulted in short delays of one and four days, respectively. ECF Nos. 12 & 40.  Sackett

reduced his 25% fee by $1,157.60 to account for these delays. ECF No. 53-1 at 4.  Given the

short length of the delays and the reduction, Sackett's delays do not make his requested fee

unreasonable.

Nothing in the record suggests that Sackett's performance was substandard or that the fee

is disproportionate to Briggs' benefits.  Sackett obtained a favorable result for Briggs.  And a fee

of $25,066.65 is not unreasonable considering that Sackett has 42 years of experience practicing

social security disability law and he spent 23.5 hours on the case. ECF Nos. 53-1 at 9; 53-8 at 1–

2.  This equates to an hourly rate of $1,066.66.[2]  Although this is high as an hourly rate, courts in

---

[2] $25,066.65 / 23.5 = $1,066.66.  Paralegals spent an additional two hours on the case. ECF No.
53-8 at 2.

the Ninth Circuit have awarded higher rates under § 406(b). *See, e.g.*, *Schultz v. Berryhill*, No. 2:19-cv-00096-BNW, 2021 WL 1381128, at *2 (D. Nev. Apr. 9, 2021) (awarding an effective hourly rate of $1,395.35 in attorney's fees).  The risk Sackett assumed in accepting Briggs' case on contingency is further evidence that $25,066.65 in attorney's fees is reasonable.

### <u>Conclusion</u>

I THEREFORE ORDER that plaintiff Shelene Briggs' motion for attorney's fees **(ECF No. 53) is GRANTED**.  I award $25,066.65 in attorney's fees to Sackett and Associates under 42 U.S.C. § 406(b).

I FURTHER ORDER that Sackett and Associates must reimburse Briggs the amount of $5,066.65 for the EAJA fees previously paid by the Commissioner.

DATED this 2nd day of November, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE